RECEIVED
MAY 6 2019
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY

FILED
MAY 6 - 2019
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

DAVERNE FOY )

)

V. ) No. 1:17-cr-00172-001

)

UNITED STATES OF AMERICA )

MOTION TO REDUCE SENTENCE PURSUANT TO SECTION 401 OF THE FIRST STEP ACT OF 2018 (EXPEDITED CONSIDERATION)

On Sept. 27, 2017, Foy, was sentenced to 90 months for count one, 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(B)(Vii) conspiracy to distribute and possession with intent to distribute a controlled substance. 100 kilograms of more of a mixture containing a detectable amount of marijuana.

INDICTMENT

It is well settled that a defendant enjoys a Fifth amendment right to be tried on felony charges returned by a grand jury indictment and that only the grand jury may broaden the charges in the indictment once it has been returned. Stirone v. United States, 361 U.S. 212(1960).

Section 841(a)(1) provides that it shall be unlawful for any person knowingly or intentionally...to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. 21 U.S.C. §841(a)(1). Section

846 provides that any person who attempts to conspire to commit any offense defined in this subchapter(including §841(a)) shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy. 21 U.S.C. §846. As is evident from the statutory language, a person violates §841(a) merely by knowingly possessing with intent to distribute a controlled substance. The §841(a) offense is complete once the person commits the proscribed act and knows that the substance is a controlled substance.

Foy recognizes that §841(b) provides enhanced maximum sentences for persons convicted of violating §§841(a) or 846, depending on the quantity and type of drugs involved. 21 U.S.C. §841(b). The enhanced statutory maximum penalties in §841(b) cannot apply unless the jury determines the drug type and quantity involved in the overall drug conspiracy offense...There is constitutional error in Foy's sentencing procedures when drug quantity increases his sentence beyond the prescribed statutory maximum under §841(b)(1)(c), unless it was submitted to a jury and proven beyond a reasonable doubt. Rather, §841(b) refers only to a violation of §841(a) involving certain quantities and types of controlled substances.

Apprendi, 530 U.S. 466(2000) requires that the indictment must charge - and the jury must find beyond a reasonable doubt - that the offense involved a particular drug type and quantity before Foy may receive a sentence above the maximum penalty in §841(b)(1)(c).

SECTION 401 PRIOR ENHANCEMENT

Foy's prior convictions are not under the Controlled Substance Act (21 U.S.C. §801): (1) 8-7-1991 conspiracy to possess with intent to distribute cocaine base 1:91-cr-172, all of the charges under this case number are too remote to be used and the sentencing Judge did not use these prior convictions as any enhancement and did not state the reason why.

On Dec. 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. The First Step Act implements reforms to the criminal justice system.

There are a number of reforms in the First Step Act. Section 401 is one of the reforms implemented to the criminal justice system.

Implement means: to put into effect according to a plan or procedure.

See First Step Act of 2018, S.756, 115th Cong. §401(2018) (reducing mandatory minimum for prior drug offenders but expanding them to prior violent felons under the Controlled Substance Act).

Any statutory provision must be interpreted, to avoid unconstitutionality. Adopt saving constructions dates back more than two hundred years. Mossman, 4 U.S. 12(1800); Wheeler, 22 F. Cas. 756(C.C.D.N.H. 1814). As between two or three possible interpretations of a statute, by one of which it would be unconstitutional and by the other valid, the judge's plain duty is to adopt that which will save the Act. Blogett v. Holden, 275 U.S. 142(1927).

Noting that while the constitution is violated by a criminal

statute that fails to give a person of ordinary intelligence fair notice, a court is under a duty to give reasonable construction of the statute that makes the class of offenses...constitutionally definite. Harriss, 347 U.S. 612(1954).

The reason federal courts spend much time and ink getting the guidelines right is not merely to collect meaningful data. Correctly calculated guidelines inform the district judge in the performance of his most important function - the imposition of sentences that are fair and proportional to the crimes committed. As demonstrated by this case, arriving at correct findings of fact regarding the guidelines can be a complex undertaking, but sentencing judges rely on the expertise of probation officers, prosecutors, and defense lawyers to assist them in making accurate guideline calculations. The sentencing judge must begin analysis with the guidelines and remain cognizant of them throughout the sentencing process. Rosales-Mireles v. United States, 138 S.Ct. 1897(2018); Peugh v. United States, 569 U.S. 530(2013).

APPRENDI, HARRIS, BOOKER, ALLEYNE, BLAKELY

VIOLATIONS OF SIXTH AMENDMENT

The trial judge violated Foy's Sixth amendment right to a trial by jury and his Fourteenth amendment right to due process by using, to enhance his sentence, facts that had not been admitted by Foy or found by a jury beyond a reasonable doubt. Foy bases his argument on the line of cases beginning with Appredi v. New Jersey, 530 U.S. 466(2000), and including Ring v. Arizona, 536 U.S. 584 (2002), Blakely v. Washington, 542 U.S. 296(2004), United States v. Booker, 543 U.S. 220(2005), and Alleyne v. United States, 570 U.S.

99(2013). In Apprendi, the supreme court held that other than the fact of prior convictions, any fact that increases the penalty for a crime beyond thd prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. Apprendi enunciated a new rule of Sixth amendment jurisprudence. The Blakely court held that the state guideline scheme violated the Sixth and Fourteenth amendments, reitterating the rule that any fact that increases the maximum sentence must be admitted by the defendant or proved to a jury beyond a reasonable doubt. See Booker supra at 232, (citing Blakely, at 303). A year later, in Booker, at 220, the supreme court applied the Blakely reasoning to the federal sentencing guidelines to conclude that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth amendment. Subsequently in Alleyne, supra at 99, the supreme court held that the Blakely line of cases applies equally to mandatory minimum sentences.

By the express terms of Apprendi and its progeny, the Sixth amendment is implicated only by judicial findings of fact other than of the fact of a prior conviction...Apprendi supra at 490.

Foy's sentence violated his due process, it was based upon material misinformation of constitutional magnitude. Roberts, 445 U.S. 552(1980); Tucker, 404 U.S. 443(1972); Townsend, 334 U.S. 736 (1980). A sentencing judge demonstrates actual reliance on misinformation when the court gives explicit attention to it, founds its sentence at least in part on it, or gives specific consideration to the information before imposing sentence. Tucker, supra at 447.

On June 17, 2013, the United States supreme court ruled that any fact that increases the mandatory minimum sentence for a crime

is an element of the criminal offense and must be proved beyond a reasonable doubt. Alleyne, 570 U.S. 99. In reaching this conclusion, the Supreme Court overuled Harris, 536 U.S. 545 (2002), which held that only factors that increase the maximum, as opposed to the minimum, sentence must be proved beyond a reson-able doubt to a factfinder. Alleyne. In Alleyne, the Court indicated that its ruling did not mean that any fact that influences judicial discretion must be found by a jury. Prima facie in this context means...Sufficient allegations of fact together with some documentation that would warrant a fuller exploration in the district court.

As Apprendi held, every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment.

The statutory maximum is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by Foy. BLAKELY. 542 U.S. 296 (2004).

BALD SENTENCE

Due process requires the government (AUSA) to prove sentencing facts by a preponderance of evidence. UNITED STATES v. WINDLESS, 719 F.3d 415 (5th Cir. 2013). The sentencing Judge may base its fact findings on any information that bears sufficient indicia of reliability to support its probable accuracy. UNITED STATES v. HARRIS, 702 F.3d 226 (5th Cir. 2012). Foy argues that a PSR often clear that threshhold. But not always. A PSR does not receive unfettered deference.

To help district judge determine when to discount or adopt a PSR's assertions, the district judge has a two-step test....At Step 1, the district judge must determine whether the PSR's factual recitation has an adequate evidentiary basis with sufficeint indica of reliability...Harris at 231.(Citing TRUJILLO, 502 F.3d 353 (5th Cir. 2007)). This is the judge's duty, not Foy's. Id. If the PSR lacks sufficient indicia of reliability, it is error for the district judge to consider it at sentencing - regardless of whether Foy objects or offers rebuttal evidence. Id., johnson, 648 F.3d 273 (5th Cir. 2011) (Without sufficient indicia of reliability, a court may not factor in prior arrest when imposing a sentence); RODRIQUEZ, 897 F.2d 1324 (5th Cir. 1990)(As the defendant presented no rebuttal evidence, the district court had discretion to adopt the PSR's facts without more specific inquiry or explanation, provided that those facts had an adequate evidentiary basis.). And a PSR does not redeem flawed facts merely by repeating them. See HARRIS, 702 F.3d at 230 n.2 <u>Only after the district judge verifies the PSR</u> as reliable does the analysis shift to step Two. Id at 230. At that point, it becomes Foy's burden to show that the facts contained within the PSR are materially untrue, inaccurate, or unreliable. Id. But, of course, the burden never shifts to Foy if the PSR lacks sufficient indicia of reliability in the first place. Id. Foy argues that the district judge skipped over that critical step - one inquiry. This is a step-One case that break in Foy's favor.

Detail, consistency, and corroboration are the hallmarks of a reliable PSR. See UNITED STATES v. NAVA, 624 F.3d 226 (5th Cir. 2010).

Bald, conclusory statements, on the other hand, are not sufficiently reliable. UNITED STATES v. ZUNIGA, 720 F.3d 587 (5th Cir. 2013). Foy argues that a PSR fails this test if it proposes uncorroborated facts inconsistent with the evidence or the PSR's other statements. See UNITED STATES v. DAVALOS-COBIAN, 714 F.App'x 371 (5th Cir. 2017) (PSR unreliable when it attributed crystal meth to a dealer -defendant when (1) wiretapped calls between the defendant and his buyer discussed only liquid methamphetamine and (2) the PSR stated eleswhere that the buyer had issues converting the methamphetamine received from the defendant to crystalline from); UNITED STATES v. SIMMONS, 964 F.2d 763 (8th Cir 1992)( PSR unreliable when it estimated drug quantity based on information that was developed at trial through testimony of a person who gave inconsistent accounts and may have had an impaired memory). These principles vitally apply to a PSR's assertions about past arrest that did not lead to convictions. At minimum, a PSR must provide some account of what Foy did. See HARRIS, 702 F.3d at 230-31 - n.1 But a factual recitation of Foy's conduct is no silver bullet; the sentencing judge must still determine whether that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability. HARRIS at id; accord ZUNIGA, 720 F.3d at 591.

Mere inclusion in the PSR does not convert facts lacking an adequate evidentiary basis with sufficient indicia of reliability into facts a district court may rely upon at sentencing. HARRIS 230 n.2 (5th Cir. 2012) See UNITED STATES v. GIPSON, U.S. App Lexis 23092 (5th Cir. Aug. 20 2018).

PRIOR CONVICTION "REMOTE"
THE LEGAL LANDSCAPE OF "INVOLVING"

Expansive term which goes beyond the enumerated offenses and requires only that the conviction be related to or connected with drug manufacture, distribution, or possession, as opposed to including those acts as an element of the offense. UNITED STATES v. VICKERS, 540 F.3d 356 (5th Cir. 2008)(involving means related to or connected with). Foy argues that connection cannot be too tangential or remote, and that the plain meaning of involve is to relate closely or to connect closely. The relationship must not be too remote or tangential.

AMOUNT OF TIME SEPARATING THE OFFENSES

Foy argues [29] years is too remote. See UNITED STATES v. ADAIR, 436 F.3d 520 (5th Cir. 2006); UNITED STATES v. GRIMES, 244 F.3d 375 (5th Cir. 2001).

Decisions as to impermissible remoteness are so fact-specific that a generally applicable litimus test would be of dubious Value, evidence of other wrongful acts to prove intent must... logically tend to prove the defendant's criminal intent at the time of the commission of the act charged so the prior acts must...not be so remote as to be lacking evidentiary value. LLOYD v. UNITED STATES, 226 F.2d 9 (5th Cir. 1955).

RELIEF REQUEST

To apply the implement reform in the First Step Act, §401 prior enhancement of 2018, and to sentence Foy to 51 months based on at least 100 KG but less than 400 KG of Marijuana and 2018 Drug Table or 37 months offense level.

LAVERNE FOY
FBOP # 56455-080
FEDERAL MEDICAL CENTER
POB 15330
Fort Worth, TX 76119

## Certificate of Service

I, Daverne Foy, hereby certify that on this 2 day of May, 2019, I have sent a true and correct copy of the foregoing, through U.S. Mail, pre-paid postage, to the following:

United States District Clerk
United States District Court
501 West Fifth Street
Austin, Texas 78701

DAVERNE FOY

cc: file

Daverne Foy 56455-080
Federal Medical Center
P.O Box 15330
Fort Worth, TX 76119

NORTH TEXAS P&DC
DALLAS TX 750
02 MAY 2019

SCREENED BY CSO
MAY 06 2019

Legal Mail

⇔56455-080⇔
Us Dist Courthouse
501 W 5TH ST
Western Dist of Texas
Austin, TX 78701
United States